IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01159-REB-BNB

GARY FLAKES,

Plaintiff,

v.

STEVE HARTLEY, Warden,
PATRICIA KAHLER, Health Services Administrator, and
STEPHEN KREBS, Medical Doctor,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRA8TE JUDGE

---

This matter arises on the defendants' **Motion to Dismiss** [Doc. #24, filed 11/14/2008]

(the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED and that this

action be dismissed in its entirety.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v.

Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant,

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded

allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of

Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537

F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to

establish that it plausibly supports a claim for relief. <u>Alvarado v. KOB-TV, L.L.C.</u>, 493 F.3d

1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416

U.S. 232, 236 (1974), overruled on other grounds by <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff filed his Amended Prisoner Complaint on June 26, 2008 [Doc. #8] (the

"Complaint"). The Complaint contains the following allegations:

1.  Since approximately 2002 or 2003, the plaintiff has had blood in his stool whenever

he defecates. *Complaint*, p. 3.

2.  In 2005 and 2006, it was determined that the plaintiff had internal hemorrhoids. He

was treated with Colace to soften his stool and Anucort to decrease the size of the hemorrhoids.

The treatment did not produce the desired results. <u>Id.</u>

3.  In February 2007, the plaintiff met with Anita Bloor, a health care provider at Limon

Correctional Facility, and requested a colonoscopy to determine the cause of the bleeding. On

April 2, 2007, the plaintiff was taken to Lincoln Community Hospital where a colonoscopy was

performed by Dr. Charles Frankum. It was determined that the plaintiff did not have cancer and

that the continued presence of blood in the stool was caused by an internal hemorrhoid. <u>Id.</u>

4.  On April 19, 2007, the plaintiff met with Anita Bloor to discuss the plaintiff's options

as determined by Dr. Frankum. The options were to (a) to have surgery on the hemorrhoids, or

(b) treat the plaintiff with fiber for which the plaintiff would have to pay. <u>Id.</u>

5.  After discussing the matter with Anita Bloor and taking into consideration that the previous treatment of Colace and Anucort had not relieved the problem, the plaintiff decided to have surgery.  Id.

6.  On July 30, 2007, the plaintiff was informed by Anita Bloor that the surgeon tried to obtain approval for the hemorrhoid surgery, but was turned down.  Id.

7.  On August 6, 2007, the plaintiff filed a grievance on the issue and was informed that the surgeon's request for hemorrhoid surgery was denied by the health maintenance organization and the matter was appealed and denied twice.  Id. at p. 10.

8.  The plaintiff filed a step two grievance on September 18, 2007, asserting that his Eighth Amendment rights were being violated.  Id.  The grievance was denied on November 28, 2007.  Id.

9.  The plaintiff filed a step three grievance on December 5, 2007.  Six months later, the plaintiff was still experiencing blood in his stool.  Id.

The Complaint asserts two claims.  Claim One alleges "cruel and unusual punishment," and Claim Two alleges "reckless or callous indifference."  Both claims are based on the failure to approve hemorrhoid surgery.  The plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages.  Id. at p. 8.

### III.  ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution

and laws, shall be liable to the party injured in an action at law, suit
in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

## A.  Eleventh Amendment Immunity

The defendants assert that the claims against them are barred by Eleventh Amendment

immunity.  The Eleventh Amendment bars suits in federal courts against unconsenting states by

the state's own citizens and by citizens of another state.  Port Auth. Trans-Hudson Corp. v.

Feeney, 495 U.S. 299, 304 (1990).  Eleventh Amendment immunity "constitutes a bar to the

exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559

(10th Cir. 2000) (emphasis omitted).  Eleventh Amendment immunity applies to suits arising

under 42 U.S.C. § 1983.  Quern v. Jordan, 440 U.S. 332, 345 (1979).

The Eleventh Amendment precludes federal jurisdiction over state officials acting in their

official capacities as to retroactive monetary relief, but not as to prospective injunctive relief.

Pennhurst, 465 U.S. at 102-03,105-06.

The defendants assert, and the plaintiff does not controvert, that defendants Hartley and

Kahler are employed by the DOC. *Motion*, p. 4. See also *Complaint*, p. 2.  The DOC is an

agency or subdivision of the State of Colorado.  Consequently, the Eleventh Amendment bars

suit against these defendants in their official capacities for retroactive monetary relief.  I

respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of

the claim against defendants Hartley and Kahler in their official capacities for retroactive

monetary relief.

4

The defendants assert that defendant Krebs is entitled to Eleventh Amendment immunity because the DOC "uses Physician Health Partners ("PHP"), of which Defendant Krebs is a Medical Director, as a health maintenance organization." *Motion*, p. 4. The defendants do not cite any case law to support their claim of immunity for Krebs. I decline to find that Krebs is entitled to Eleventh Amendment immunity based on the defendants' brief and unsupported assertion.

### B. Defendants Hartley and Kahler

The defendants assert that the claims against defendants Hartley and Kahler must be dismissed because the plaintiff has failed to allege that they personally participated in the alleged constitutional violation. *Motion*, pp. 5-6. An individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983). Respondeat superior is not within the purview of section 1983 liability. Id. In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362, 371 (1976). Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id.

The plaintiff alleges that Warden Hartley violated his Eighth Amendment rights because Hartley received a letter from the plaintiff informing him of the denial of medical services, and Hartely forwarded the letter to defendant Kahler for resolution. *Complaint*, pp. 4-5.

The plaintiff alleges that Kahler, the Health Services Administrator, violated his Eighth Amendment rights when she denied the plaintiff's step two grievance and when she failed to "consulate" the plaintiff after Warden Hartley forwarded the letter to her. Id.

These allegations do not support a reasonable inference that Hartely and Kahler were directly responsible for denying the plaintiff's surgery request or that they were in any way involved in the decision to deny the surgery. Nor do the allegations support a reasonable inference that Hartely and Kahler directly supervised the individual who denied the surgery. Rather, the plaintiff provides only conclusory allegations that the defendants are liable for his injuries because they were in positions of authority; they were notified that the plaintiff's surgery was denied; and they did not secure the surgery for him. These allegations are not sufficient to impose liability against defendants Hartely and Kahler. See Davis v. Arkansas Valley Correctional Facility, 99 Fed.Appx. 838, 843 (10th Cir. 2004) (attached) (holding that sending correspondence to an official which outlines complaints about medical care, without more, does not sufficiently implicate the official under section 1983).

### C. Defendant Krebs

The defendants assert that the Complaint does not state an Eighth Amendment claim against defendant Krebs (or the other defendants). *Motion*, pp. 6-9. A prison official's deliberate indifference to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care."

6

Id. at 104-05. To establish a claim for deliberate indifference, a plaintiff must prove both an objective component and a subjective component.

The objective component is met if the inmate's medical need is sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)).

The subjective component to a deliberate indifference claim is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

To survive a motion to dismiss, a plaintiff must allege (1) a sufficiently serious medical need and (2) a sufficiently culpable state of mind. Riddle v. Mondragon, 83 F.3d 1197, 1205-06 (10th Cir. 1996). Conclusory allegations, without supporting factual averments, are insufficient to state a claim under the Eighth Amendment. Id. at 1205.

The Complaint alleges that Krebs was deliberately indifferent to the plaintiff's medical needs because he denied surgical intervention as recommended by Dr. Frankum. *Complaint*, p. 4. However, the Complaint also alleges that Dr. Frankum determined that the plaintiff had two treatment options: (a) surgery on the hemorrhoids, or (b) treatment with fiber. Id. at p. 3. The Complaint further alleges that the plaintiff decided he wanted the surgical option. Id. "[A] prisoner who merely disagrees with a . . . prescribed course of treatment does not state a

7

constitutional violation." <u>Perkins v. Kansas Dept. of Corrections</u>, 165 F.3d 803, 811 (10th Cir.

1999).

It is clear from the allegations of the Complaint that the defendants have recognized the

plaintiff's condition, and they are treating it. The plaintiff has failed to allege that any of the

defendants were deliberately indifferent to his medical needs in violation of the Eighth

Amendment's prohibition on cruel and unusual punishment.

## IV.  CONCLUSION

I respectfully RECOMMEND that the defendants' Motion to Dismiss be GRANTED and

that this action be dismissed in its entirety.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P.

72(b), the parties have 10 days after service of this recommendation to serve and file specific,

written objections. A party's failure to serve and file specific, written objections waives *de novo*

review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474

U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In</u>

<u>re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections

to this recommendation must be both timely and specific to preserve an issue for *de novo* review

by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73

F.3d 1057, 1060 (10th Cir. 1996).

Dated July 7, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

8

Westlaw.

99 Fed.Appx. 838                                                                 Page 1
99 Fed.Appx. 838, 2004 WL 1119941 (C.A.10 (Colo.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 99 Fed.Appx. 838, 2004 WL 1119941 (C.A.10 (Colo.)))**

**C**
This case was not selected for publication in the
Federal Reporter.

Not for Publication in West's Federal Reporter. See
Fed. Rule of Appellate Procedure 32.1 generally
governing citation of judicial decisions issued on or
after Jan. 1, 2007. See also Tenth Circuit Rule 32.1.
(Find CTA10 Rule 32.1)

United States Court of Appeals,
Tenth Circuit.
Sylvester DAVIS, Plaintiff-Appellant,
v.
ARKANSAS VALLEY CORRECTIONAL FACIL-
ITY; Major Artley, Administrative head; Rick Gar-
cia; Crowley County Correctional Facility; Steve
Hargett; Lea Martinez; Grace Nweke, Defendants-
Appellees.
No. 02-1486.

May 20, 2004.

**Background:** Inmate brought complaint under §
1983, seeking damages for alleged confiscation of
legal materials, retaliatory transfer, and denial of
reasonable medical care. The United States District
Court for the District of Colorado dismissed com-
plaint, and inmate appealed.

**Holdings:** The Court of Appeals, O'Brien, Circuit
Judge, held that:
(1) confiscation claim failed to state claim upon
which relief could be based;
(2) inmate failed to establish that either named de-
fendant participated in or authorized destruction of
his confiscated legal materials;
(3) pre-deprivation process accorded prior to de-
struction was sufficient;
(4) retaliatory transfer claim failed to state claim
upon which relief could be based; and
(5) claim alleging denial of reasonable medical care
failed to state claim upon which relief could be
based.

Appeal dismissed.

West Headnotes

**[1] Civil Rights 78 €══1395(7)**

78 Civil Rights
  78III Federal Remedies in General
    78k1392 Pleading
      78k1395 Particular Causes of Action
        78k1395(7) k. Prisons and Jails; Pro-
bation and Parole. Most Cited Cases
Inmate's § 1983 claim against correctional officials
alleging confiscation of legal materials did not state
claim upon which relief could be based, where
complaint failed altogether to allege that either
named official was involved in alleged confisca-
tion. 42 U.S.C.A. § 1983; Fed.Rules Civ.Proc.Rule
12(b)(6), 28 U.S.C.A.

**[2] Civil Rights 78 €══1358**

78 Civil Rights
  78III Federal Remedies in General
    78k1353 Liability of Public Officials
      78k1358 k. Criminal Law Enforcement;
Prisons. Most Cited Cases
Inmate failed to establish that either correctional of-
ficial named as defendant in his § 1983 action actu-
ally participated in or authorized destruction of his
confiscated legal materials, as required to support
claim based upon destruction of such materials;
mere fact that one or both named officials might
have signed grievance response indicating that in-
mate's confiscated legal materials were subject to
disposal as contraband did not establish that either
participated in or authorized destruction of such
materials. 42 U.S.C.A. § 1983.

**[3] Constitutional Law 92 €══4824**

92 Constitutional Law
  92XXVII Due Process
    92XXVII(H) Criminal Law

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

99 Fed.Appx. 838                                                                                     Page 2
99 Fed.Appx. 838, 2004 WL 1119941 (C.A.10 (Colo.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 99 Fed.Appx. 838, 2004 WL 1119941 (C.A.10 (Colo.)))**

        92XXVII(H)11 Imprisonment and Incidents Thereof
                92k4824 k. Discipline and Classification. Most Cited Cases
        (Formerly 92k272(2))

**Constitutional Law 92 ☞4827**

92 Constitutional Law
        92XXVII Due Process
                92XXVII(H) Criminal Law
                        92XXVII(H)11 Imprisonment and Incidents Thereof
                                92k4827 k. Access to Courts. Most Cited Cases
        (Formerly 92k272(2))

**Prisons 310 ☞284**

310 Prisons
        310II Prisoners and Inmates
                310II(H) Proceedings
                        310k279 Requisites, Course, and Conduct of Proceedings
                                310k284 k. Contents and Adequacy of Notice, Petition, or Other Pleading. Most Cited Cases
        (Formerly 310k13(8))
Pre-deprivation process accorded to inmate prior to destruction of his confiscated legal materials was sufficient to satisfy constitutional due process requirements, where inmate was informed through grievance process that he could preserve confiscated materials by sending them out of facility, but that otherwise they would be destroyed, and that he was required to appeal underlying disciplinary action in order to contest confiscation, and inmate neither sent materials out of facility nor pursued appeal. U.S.C.A. Const.Amend. 14.

**[4] Civil Rights 78 ☞1395(7)**

78 Civil Rights
        78III Federal Remedies in General
                78k1392 Pleading
                        78k1395 Particular Causes of Action

                                78k1395(7) k. Prisons and Jails; Probation and Parole. Most Cited Cases
Inmate's § 1983 claim against correctional officials for retaliatory transfer failed to state claim upon which relief could be based, where complaint was devoid of specific factual allegations connecting either named official to inmate's transfer. 42 U.S.C.A. § 1983; Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

**[5] Civil Rights 78 ☞1094**

78 Civil Rights
        78I Rights Protected and Discrimination Prohibited in General
                78k1089 Prisons
                        78k1094 k. Access to Courts. Most Cited Cases
Assuming that destruction of inmate's confiscated legal materials implicated his constitutional right of access to the courts, inmate failed to state claim under § 1983 for deprivation of such right, in absence of any showing that destruction of materials at issue hindered inmate in petitioning for post-conviction relief. U.S.C.A. Const.Amend. 6; 42 U.S.C.A. § 1983.

**[6] Civil Rights 78 ☞1358**

78 Civil Rights
        78III Federal Remedies in General
                78k1353 Liability of Public Officials
                        78k1358 k. Criminal Law Enforcement; Prisons. Most Cited Cases
Inmate's § 1983 claim against warden alleging denial of reasonable medical care failed to state claim upon which relief could be based, where inmate alleged only that he had copied warden on correspondence outlining his complaints about his medical care, and failed to allege or demonstrate affirmative link between any constitutional deprivation and warden's personal participation or failure to supervise. 42 U.S.C.A. § 1983; Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.
**\*840** Sylvester Davis, # 96327, Crowley County Correctional Facility, Olney Springs, CO, pro se.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

99 Fed.Appx. 838                                                                                  Page 3
99 Fed.Appx. 838, 2004 WL 1119941 (C.A.10 (Colo.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 99 Fed.Appx. 838, 2004 WL 1119941 (C.A.10 (Colo.)))**

Edward T. Farry, Farry and Rector, L.L.P., Colorado Springs, CO, Josh Adam Marks, Melanie Bailey Lewis, Hall & Evans, Denver, CO, for Defendants-Appellees.

Before SEYMOUR, LUCERO, and O'BRIEN, Circuit Judges.

### ORDER AND JUDGMENT[FN*]

FN* This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

O'BRIEN, Circuit Judge.

**\*\*1** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See*Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

Sylvester Davis, a state prisoner, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint [FN1] for failure to state a claim upon which relief can be granted. *See*FED.R.CIV.P. 12(b)(6). Exercising jurisdiction under 28 U.S.C. § 1291, we agree Davis fails to state a claim and DISMISS his appeal as frivolous.

FN1. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. The operative pleading is Davis' "Final Amended Prisoner's Civil Rights Complaint." (R., Docket Entry 17.)

Davis was incarcerated at the Colorado Department of Corrections' Arkansas Valley Correctional Facility (AVCF) and later at its Crowley County Correctional Facility (Crowley). While incarcerated at AVCF, he ran into disciplinary problems. He alleges as follows. On August 16, 2000, he was typing a paper in the General Library. Officer J. Halpin requested to see the paper. Davis did not comply. Instead, he removed the paper from the typewriter and placed it in a pocket folder with other papers. Halpin confiscated the pocket folder and also a manila envelope.[FN2] In the pocket folder, he found the sheet of paper on which Davis had been typing. It was legal work. The law librarian examined the pocket folder and manila envelope and found a handwritten sheet of paper with another inmate's name on it. At a hearing conducted on September 7, 2000, Davis was charged with disciplinary violations for disobeying a lawful order (found guilty) and possession of unauthorized legal documents (found not guilty).[FN3] The **\*841** following day, Davis sought return of the confiscated legal materials on the basis he was found not guilty of possession of unauthorized legal documents. On September 13, Halpin informed Davis the seized papers were in the evidence locker in the Receiving/Discharge Department and he could contact that department concerning their retrieval. On October 5, in response to a Step I grievance Davis filed, Officer Steve Hartley informed him legal materials were not permitted in the General Library, and as a result his confiscated paperwork was considered contraband and would be treated as such. He further warned Davis that he had ten days to "mail the items out or have them destroyed." (R. Docket

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

99 Fed.Appx. 838
99 Fed.Appx. 838, 2004 WL 1119941 (C.A.10 (Colo.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 99 Fed.Appx. 838, 2004 WL 1119941 (C.A.10 (Colo.)))

Page 4

Entry 75, Ex. B.) On October 30, Officer Garcia, responding to a Step II grievance Davis filed, communicated essentially the same information: Davis' confiscated papers were subject to disposition as contraband because legal work was to be done in the Law Library and not in the General Library. Furthermore, the papers contained material concerning another inmate's case, which regulation prohibited. Davis did not elect to mail the items out of the facility or authorize their destruction. He claims Officers Hartley and Garcia authorized their destruction on October 30.[FN4] In response to a Step III grievance, again seeking return of his materials, Davis was informed on December 29 that he was required to pursue his claim through an appeal of the disciplinary action that led to the confiscation of his materials, not through the grievance process.

FN2. Davis claims the confiscated papers were legal materials in aid of seeking post-conviction relief from his criminal conviction. Although the record is unclear as to the particulars of the materials, Davis complains specifically about two items: (1) a statement from one Tina King, and (2) an IOU from him to his co-defendant.

FN3. Davis was found not guilty of the possession charge because the paper with the other inmate's name on it was legal notes rather than legal documentation. Davis was warned not to possess paperwork with another inmate's name on it.

FN4. The record is unclear whether the papers were intentionally destroyed, negligently destroyed or merely misplaced. We will assume, without finding, that the papers were intentionally destroyed as contraband pursuant to prison regulation.

**2 In February 2000, Davis was transferred to Crowley. According to his complaint, the medical staff at Crowley discontinued pain medication previously prescribed for him free of charge at

[FN5]He claims he was required to purchase the medication over-the-counter at the Crowley canteen at a cost he could not afford. He also complains that his $3.00 co-pay for medical visits should cover the cost of his pain medication.

FN5. The pain medication prescribed by AVCF was for treatment of an allergy-related sinus condition. The medical staff at Crowley prescribed Chlor-Trimeton and directed Davis to obtain pain medication from the canteen.

In his complaint, Davis alleges Hartley and Garcia violated his Fourteenth Amendment right to due process by confiscating and destroying his legal materials and by transferring him to Crowley in retaliation for challenging the confiscation. He also claims they violated the First Amendment by interfering with his right of access to the courts.[FN6] Additionally he alleges Steve Hargett, Warden of Crowley, *842 violated his Eighth Amendment right to reasonable medical care. He seeks $100,000.00 in damages.

FN6. Although Davis variously characterizes his claims against Hartley and Garcia as violations of the Fifth Amendment (destruction of legal property, deprivation of access to court, retaliatory transfer), Fourteenth Amendment (confiscation and destruction of legal materials), and First and Sixth Amendments (deprivation of access to court), we construe his deprivation of access to court claim to be an alleged violation of the First and Fourteenth Amendments, and all of his remaining allegations to be subsumed in his Fourteenth Amendment claim. See *Hudson v. Palmer*, 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (right of access to courts grounded in First Amendment); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429-30, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) (due process clause protects right of access to courts).

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

99 Fed.Appx. 838                                                                                    Page 5
99 Fed.Appx. 838, 2004 WL 1119941 (C.A.10 (Colo.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 99 Fed.Appx. 838, 2004 WL 1119941 (C.A.10 (Colo.)))

We review *de novo* the district court's dismissal of a complaint under FED.R.CIV.P. 12(b)(6) for failure to state a claim. *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir.1999).

'[A]ll well-pleaded factual allegations in the ... complaint are accepted as true and viewed in the light most favorable to the nonmoving party.'[FN7] A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

> FN7. Exhibits attached to a pleading are considered a part thereof. FED.R.CIV.P. 10(c).

*Id.* (quotations and citation omitted). Although we construe *pro se* pleadings liberally, *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir.2003), "[we] will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir.1997). Nor are we "bound by conclusory allegations, unwarranted inferences, or legal conclusions." *Hackford v. Babbitt,* 14 F.3d 1457, 1465 (10th Cir.1994).

[1][2][3] As to Davis' claims against Hartley and Garcia, Davis has failed altogether to allege either of them was involved in the confiscation of his legal materials. Therefore, the confiscation portion of his claim fails. As to the destruction portion of his claim, he only alleges in conclusory fashion that either Hartley or Garcia was involved in the destruction of his materials. This is insufficient. The mere fact each may have signed a grievance response indicating the confiscated materials were subject to disposal as contraband hardly suffices to establish that either participated in or authorized the destruction of the materials. For this reason, the destruction portion of his claim fails. Even if Davis adequately alleged that Hartley and Garcia intentionally destroyed or authorized the destruction of his legal materials pursuant to prison regulation (*see* n. 4), an act which concededly requires a pre-deprivation hearing in order to comply with due process, *Gillihan v. Shillinger,* 872 F.2d 935, 939-40 (10th Cir.1989), we conclude the pre-deprivation due process accorded to Davis was sufficient. He was informed through the grievance process he could preserve the confiscated materials by sending them out of the facility; otherwise, they would be destroyed. In failing to arrange to send the materials out of the facility, he acceded to their destruction. Furthermore, he was informed he must appeal the underlying disciplinary action in order to contest the confiscation. The record is devoid of any evidence he pursued an appeal.[FN8] Under these circumstances, due process is satisfied.

> FN8. *See Logan,* 455 U.S. at 434 n. 7, 102 S.Ct. 1148 (due process not violated where claimant does not avail himself of hearing procedure).

**3 [4][5] Davis' claim that Hartley and Garcia retaliated against him by transferring him to Crowley is, like the confiscation claim, devoid of specific factual allegations connecting either of them to his transfer. Consequently, Davis' retaliation claim fails as well. Finally, while Davis enjoys the fundamental right of access to the courts, *Lewis v. Casey,* 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), to state a claim for deprivation of this right he must demonstrate an actual injury that "hindered his efforts to pursue a legal claim." *Id.* at 351. He failed to *843 demonstrate to the district court how the destruction of his legal materials hindered him in the petitioning for post-conviction relief.

[6] Turning to Davis' claim against Hargett, while it is true that "[a] prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment[,]" *Farmer v. Brennan,* 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quotation omitted), it is also true that "a supervisor is not liable under § 1983 for the actions of a subordinate unless an affirmative

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

99 Fed.Appx. 838                                                                      Page 6
99 Fed.Appx. 838, 2004 WL 1119941 (C.A.10 (Colo.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 99 Fed.Appx. 838, 2004 WL 1119941 (C.A.10 (Colo.)))**

link exists between the constitutional deprivation and either the supervisor's personal participation or his failure to supervise...." *Grimsley v. MacKay,* 93 F.3d 676, 679 (10th Cir.1996) (quotation omitted). Davis has failed to demonstrate this link. Copying Hargett with correspondence outlining his complaints about medical care, without more, does not sufficiently implicate the warden under § 1983.

We conclude Davis' appeal is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and DISMISS it.[FN9] We also deny leave to appeal *in forma pauperis* and remind Davis of his obligation to pay in full the filing and docketing fees.

> FN9. Dismissal of Davis' appeal as frivolous counts as a strike against him. 28 U.S.C. § 1915(g). Dismissal by the district court for failure to state a claim also counts as a strike. *Id.* Therefore, he accumulates two strikes as a result of this litigation. *See Jennings v. Natrona County Det. Ctr. Med. Facility,* 175 F.3d 775, 780 (10th Cir.1999) ( "If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.").

C.A.10 (Colo.),2004.
Davis v. Arkansas Valley Correctional Facility
99 Fed.Appx. 838, 2004 WL 1119941 (C.A.10 (Colo.))

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.